Sylvia HINES, Plaintiff–Appellant,

v.

Sergeant C. SMITH, Dr. Goldstein, and Nurse Williams, Defendants–Appellees.

No. 06–4217–pr.

United States Court of Appeals, Second Circuit.

Nov. 2, 2007.

82

Sylvia Hines, Bedford Hills Correctional Facility, Bedford Hills, NY, for Plaintiff–Appellant.

Sasha Samberg–Champion, Assistant Solicitor General, (Eliot Spitzer, Attorney General of the State of New York, Michael Belohlavek, Senior Counsel, on the brief), New York, NY, for Defendants–Appellees.

PRESENT: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant Sylvia Hines, *pro se*, appeals from the July 19, 2006 judgment of the United States District Court for the Southern District of New York (Crotty, J.), 2006 WL 2038454, granting defen-

dants-appellees' motion to dismiss. We presume the parties' familiarity with the underlying facts and procedural history of this case.

This Court reviews *de novo* a district court order dismissing a complaint for failure to state a claim on which relief could be granted, "construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner,* 282 F.3d 147, 152 (2d Cir.2002).

■ A *de novo* review of the record reveals that the district court, in opinions rendered by the Hon. Michael Mukasey, the Hon. Kenneth Karas, and the Hon. Paul Crotty, for the reasons each set forth, properly dismissed appellant's claims that appellees were deliberately indifferent to her medical needs, exposed her to cruel and unusual punishment, and deprived her of constitutional and statutory rights. We agree with the judges that the incidents of abuse and harassment alleged by appellant were insufficient to establish a violation of 42 U.S.C. § 1983. Appellant also failed administratively to exhaust some of her other claims as required by 42 U.S.C. § 1997e(a).

■ Appellant's 28 U.S.C. § 636(b)–(c) claims are meritless because then-Chief Judge Mukasey was a district court judge, not a magistrate judge, and no consent was required for him to review appellant's complaint and to dismiss any legally deficient claims. *See* 28 U.S.C. § 1915A. Similarly, appellant's claim that Judge Karas, to whom her original amended complaint was assigned, erred by ruling beyond the scope of Judge Mukasey's order is meritless because it is based on the erroneous assumption that Judge Mukasey was a magistrate judge. Appellant's further assertion that Judges Mukasey and Karas should not have directed her to amend her complaints is also without substance. In light of her deficient complaint, those judges properly ordered appellant to comply with Federal Rule of Civil Procedure 8(e), which requires that pleadings be "simple, concise and direct." *See Wynder v. McMahon,* 360 F.3d 73, 79 n. 11 (2d Cir.2004) (stating that "the basic requirements of Rule 8 apply to [*pro se*] and counseled plaintiffs alike").

■ Appellant's argument that Judge Mukasey discarded documents supporting her original complaint are wholly unsupported in the record. Further, while appellant claims that Judge Karas and Crotty denied her leave to appeal to this Court, nothing in the record supports such an assertion. Finally, appellant's contention that Judges Mukasey and Karas violated her rights under 18 U.S.C. §§ 3161–3174 is meritless because that statute deals with speedy trials in criminal, not civil, proceedings.

For the foregoing reasons, we AFFIRM the judgment of the district court.